IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB,** § § § § **Plaintiff,** § § vs. § § **Ticor Title Insurance Company; AmeriPoint Title Houston, LLC; Raul Ramos; Boehck Mortgage Company; Michael A. Moten; Charles R. Davis, Sr.; James B. Banks; B Interests, Inc. d/b/a First Houston Appraisal; Denise G. Bradford; Telron C. Bradford; Kelli L. Zintgraff a/k/a Kelli L. Aikin; Ryan E. Zintgraff a/ka Ryan E. Aikin; Stephen Bowen; Diane C. Fitzpatrick d/b/a Fitzpatrick & Associates and DC Consultants Builders, Inc.; Ron Wilson a/k/a Ronnie Wilson; Tina Wilson; Curley Johnson; and Michael Levitin,** § § § § § § § § § § § § § § § **Defendants.** § | CIVIL NO. _____ |

## NOTICE OF REMOVAL

The Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac Federal Bank, FSB, pursuant to 12 U.S.C. §§ 1819(b)(2)(A)-(B) and 28 U.S.C. §§ 1441(b) and 1446, hereby files this Notice of Removal as follows:

1.      The FDIC as Receiver for IndyMac Federal Bank, FSB is the plaintiff in a civil action pending in the 333rd Judicial District Court, Harris County, Texas, entitled "*Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB v. Ticor Title Insurance Company, et al.*," Cause No. 2007-08040 (the "State Court Action").  Pursuant to LR 81 of the Local Rules of the Southern District of Texas and 28 U.S.C. § 1446(a), attached hereto

as Exhibit 1 is an Index of Matters Being Filed, with exhibits as follows: all pleadings asserting causes of action, including a copy of all executed process in the case, pleadings, and orders signed by the state judge (Ex. A); a copy of the state court Civil Docket Sheet (Ex. B); a List of All Counsel of Record (Ex. C); Certificate of Interested Parties (Ex. D); and Civil Cover Sheet (Ex. E).

2.      On February 9, 2007, Plaintiff IndyMac Bank, F.S.B. filed the State Court Action against Ticor Title Insurance Company and others, alleging breach of contract, fraud, and negligent misrepresentation.

3.      On July 11, 2008, pursuant to Order No. 2008-24, IndyMac Bank, F.S.B. was closed by the Office of Thrift Supervision ("OTS"). (*See* Exhibit F.) The OTS, in conjunction with the closing of IndyMac Bank, F.S.B., approved the organization of a newly chartered full-service FDIC-insured institution known as IndyMac Federal Bank, FSB. The FDIC was appointed as conservator for IndyMac Federal Bank, FSB pursuant to 12 U.S.C. § 1821(d)(2)(B). (*Id.*)

4.      On November 5, 2008, the FDIC as Conservator for IndyMac Federal Bank, FSB filed its notice of substitution in the State Court Action for Plaintiff IndyMac Bank, F.S.B. (*See* Exhibit G.) Although a proposed order was submitted, no order was entered substituting the FDIC as conservator for IndyMac Federal.

5.      On March 19, 2009, the OTS issued Order No. 2009-17 whereby it appointed the FDIC as Receiver for IndyMac Federal Bank, FSB. (*See* Exhibit H.)

6.      On May 5, 2009, the FDIC as Receiver for IndyMac Federal Bank, FSB filed its notice of substitution in the State Court Action for Plaintiff FDIC as Conservator for IndyMac Federal Bank, FSB. (*See* Exhibit I.)

7.     Removal of this action is proper because of the existence of federal question jurisdiction under 12 U.S.C. § 1819(b)(2)(A)-(B).  The substitution into the State Court Action of the FDIC as Receiver for IndyMac Federal Bank, FSB gave rise to federal question jurisdiction, and this Notice of Removal is timely filed within ninety (90) days of that substitution.

8.     As required by 28 U.S.C. § 1446(d), the FDIC as Receiver for IndyMac Federal Bank, FSB, hereby promptly gives all parties written notice of the filing of this Notice of Removal and hereby promptly files a copy of this Notice of Removal with the Clerk of the 333rd Judicial District Court, Harris County, Texas, where the State Court Action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## II.
## FEDERAL QUESTION JURISDICTION

9.     This case is removable pursuant to 28 U.S.C. § 1441(b) which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

10.    Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *see also Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995); *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

11.    The FDIC has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *et seq.*  "[T]he grant of subject matter jurisdiction contained in the FDIC's removal statute evidences Congress' desire that cases

involving the FDIC should generally be heard and decided by the federal courts." *Kirkbridge v. Continental Casualty Co.,* 933 F.2d 729, 731-732 (9th Cir. 1991) (internal quotations omitted). "Congress used very strong language to afford the FDIC every possibility of having a federal forum within the limits of Article III." *Lazuka v. FDIC,* 931 F.2d 1530, 1535 (11th Cir. 1991). "The only express limit Congress has placed on the scope of the FDIC's removal powers is the state law exception of § 1819(b)(2)(D)." *FDIC v. S & I 85-1, Ltd.,* 22 F.3d 1070, 1074 (11th Cir. 1994). The exception does not apply in this case. IndyMac Federal Bank is not a state insured depository institution, but a federal savings bank regulated by OTS.

12. The FDIC's removal statute provides in pertinent part:

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court **before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party**.

12 U.S.C. § 1819(b)(2)(B) (emphasis added.)

13. The date on which the FDIC substituted into the lawsuit as Receiver for IndyMac Federal Bank, FSB is the date the ninety (90) day period to remove started to run. In *Bullion Services*, the FDIC was appointed Receiver of a bank ("FDIC-R") on September 28, 1987 and was sued in that capacity in September 1990. 50 F.3d at 706. The lawsuit was tried before a jury, which returned a verdict in favor of the plaintiff. *Id.* After the verdict, the FDIC Corporate ("FDIC-C") was joined in the lawsuit on February 11, 1993. *Id.* Thereafter, the FDIC-C removed the case to federal court. *Id.* Although the federal district court remanded, the Ninth Circuit reversed and held that removal was proper because the ninety (90) day period to remove began to run for the FDIC-C when it was added to the lawsuit, not when the FDIC-R was sued. *Id.* at 705. The court distinguished and rejected the only case to the contrary – *Dalton v. FDIC,*

987 F.2d 1216 (5th Cir. 1993).  Midway through the *Dalton* state case, unlike in *Bullion Services,* after the time for removal for the FDIC-R had lapsed, the FDIC-R assigned a promissory note to the FDIC-C to create jurisdiction.  *Id.* at 709.  Although it distinguished *Dalton,* the Ninth Circuit also rejected *Dalton,* concluding that "in seeking to deter manipulation the court in *Dalton* gave insufficient weight to the intent of Congress embodied in the purposes of the FDIC's enabling statute."  *Id.*; *see also In re Washington Bancorporation v. Federal Deposit Insurance Corp.,* Civil Action No. 95-1350, 1996 WL 148533 at *14 (D.D.C. 1996) (stating that the Ninth Circuit removed the very foundation of the Dalton opinion).

14.     This case also is unlike Dalton.  The FDIC here has not attempted to create federal jurisdiction out of nothing.  To the contrary, a triggering event occurred on March 19 2009, when the FDIC was appointed Receiver for IndyMac Federal Bank, FSB.  On May 5, 2009, the FDIC as Receiver for IndyMac Federal Bank, FSB substituted into this case as plaintiff and is timely hereby removing this case within 90 days of such substitution.  Moreover, the substitution into this case of the FDIC as Receiver in place of the FDIC as Conservator is a substantive and critical shift.  Not only have the underlying circumstances changed  (with the decision to liquidate a bank), but the responsibilities and power of the FDIC as a Receiver are different than the responsibilities and power of the FDIC as a Conservator.  *Cf.* 12 U.S.C. § 1821(d)(2)(D) (the conservator's powers) with §§ 1821(c)(13)(B) and (d)(2)(E) (the Receiver's powers).  The March 19, 2009 appointment of the FDIC as Receiver for IndyMac Federal Bank, FSB effected the removal of the Conservator and the injection of a Receiver with different goals, duties, and powers.  See 18 U.S.C. § 1821(c)(8)(B) (stating that [t]he replacement of a conservator with a receiver … shall be treated as the removal of the Corporation as conservator).  The FDIC hereby exercises its rights as Receiver and removes this case to federal court.

15. The FDIC as Receiver for IndyMac Federal Bank, FSB had ninety (90) days to remove this action to federal court from the date it substituted into this lawsuit. The instant Notice of Removal is being brought within the ninety (90) day period from the date, May 5, 2009, the FDIC as Receiver for IndyMac Federal Bank, FSB was substituted as a party in the State Court Action. The FDIC as Receiver for IndyMac Federal Bank, FSB's removal is timely.

16. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the 333rd District Court of Harris County, Texas.

## III.
## PRAYER

WHEREFORE, the FDIC as Receiver for IndyMac Federal Bank, FSB, pursuant to 12 U.S.C. §§ 1819(b)(2)(A)-(B) and 28 U.S.C. §§ 1441(b) and 1446 and in conformance with the requirements set forth in LR 81 of the Local Rules of the Southern District of Texas and 28 U.S.C. § 1446, hereby removes the case styled "*Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB v. Ticor Title Insurance Company, et al.*," Cause No. 2007-08040 from the 333rd District Court, Harris County, Texas, on this 8th day of May, 2009.

Respectfully submitted,

/s/  Robert T. Mowrey
**Robert T. Mowrey**
  State Bar No. 14607500
  Southern District Bar No. 9529
  *Attorney-in-Charge*

**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB**

**OF COUNSEL:**
LOCKE LORD BISSELL & LIDDELL LLP
**Jason L. Sanders**
  State Bar No. 24037428
  Southern District Bar No. 597751
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**Derrick B. Carson**
  State Bar No. 24001847
  Southern District Bar No. 21785
600 Travis, Suite 3400
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Telecopy)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record pursuant to the Federal Rules of Civil Procedure on this 8th day of May, 2009:

| | |
|---|---|
| Thomas C. Godbold<br>Carter Dugan<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>***Counsel for Ticor Title Insurance Co.*** | Daniel B. Nelson<br>Law Offices of Daniel B. Nelson<br>Arena Tower I<br>7322 SW Freeway, Suite 2020<br>Houston, Texas 77074<br>***Counsel for Charles R. Davis, Sr.*** |
| Eric Scott Lipper<br>Melissa Nicholson Sternfels<br>Hirsch & Westheimer, P.C.<br>700 Louisiana, 25th Floor<br>Houston, Texas 77002-2728<br>***Counsel for AmeriPoint Title Houston, L.L.C. and Raul Ramos*** | Paul I. Aronowitz &<br>Carla G. Lujan<br>510 Bering Dr., Suite 300<br>Houston, Texas 77057<br>***Counsel for James B. Bank & B Interests, Inc. d/b/a First Houston Appraisal*** |
| Christopher M. Pham<br>Christopher M. Pham Law Group, PLLC<br>11720 W. Airport Blvd., Suite 800<br>Stafford, Texas 77477<br>***Counsel for Boehck Mortgage Company*** | Allan Goldstein<br>Morris, Lendais, Hollrah & Snowden<br>1980 Post Oak Blvd., Suite 700<br>Houston, Texas 77056<br>***Counsel for the Aikin Defendants*** |
| Samuel C. Beale<br>5821 Southwest Freeway, #416<br>Houston, Texas 77057<br>***Counsel for Curley Johnson*** | Michael Levitin<br>16902 Skinner Ct.<br>Cypress, Texas 77429-1630<br>***Pro Se*** |

                         /s/ Robert T. Mowrey
                         Robert T. Mowrey